## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Frederick Banks, | ) | **CASE NO. 4:20 CV 1526** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| Scott Brady, et al., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Respondents. | ) | |

### Introduction

This is yet another frivolous action filed by *pro se* Petitioner Frederick Banks, an inmate

in the Northeast Ohio Correctional Complex in Youngstown, Ohio, and a frequent and frivolous

filer in this district and others.  For the following reasons, the Petitioner is dismissed.

### Discussion

Although he has been declared a frivolous filer subject to the three-strikes provision of 28

U.S.C. § 1915(g) on numerous occasions and is barred from filing any further civil actions in

federal court without prepayment of fees, Petitioner now attempts to utilize 28 U.S.C. § 2241 to

circumvent application of § 1915(g), which does not apply to *habeas corpus* petitions.  In this

action, Petitioner has filed the above-captioned Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2241, claiming as follows: (1) Respondents failed to correct the criminal court docket

to reflect the actual charges against him; and (2) Respondents failed to provide him a copy of his

appeal and motion to vacate.  (Doc. No. 1 at page ID #6.)  Petitioner seeks discharge from

custody and an order requiring Respondents to correct the court docket and provide him with a

copy of his appeal and motion to vacate.

A writ of *habeas corpus* "may be granted by the Supreme Court, any justice thereof, the

district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus

to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"

*Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner

is appearing *pro se*, the allegations in his petition must be construed in his favor, and his

pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*,

270 F.3d 292, 295 (6th Cir. 2001).  This Court, however, may dismiss the petition at any time, or

make any such disposition as law and justice require, if it determines the petition fails to establish

adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v.

Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out"

petitions lacking merit on their face under Section 2243).

Petitioner is not entitled to relief under 28 U.S.C. §2241.  *Habeas corpus* is generally

available to prisoners seeking relief from unlawful imprisonment or custody.  *Martin v. Overton*,

391 F.3d 710, 714 (6th Cir. 2004).  Federal prisoners may use 28 U.S.C. § 2241 to attack the

manner in which their sentence is being executed, such as the computation of sentence credits or

parole eligibility.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States

v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74,

77 (6th Cir. 1977).  Section 2241, however, is not available to review questions unrelated to the

cause of detention.  *Martin*, 391 F.3d at 714.  Prisoners challenging the conditions of their confinement must do so through a civil rights action.  *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).  Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement."  Therefore, any claim that does not directly affect the fact or duration of the prisoner's confinement must be raised in a civil rights action and cannot be brought in a habeas petition.

Here, Petitioner does not challenge the fact or the duration of his confinement, nor does he challenge the manner in which his sentence is served.  Rather, he is challenging general conditions of confinement.  Petitioner, therefore, does not raise a cognizable claim for relief under 28 U.S.C. § 2241.  Moreover, the Petition, in reality, is merely another attempt to file a frivolous civil action in federal court without prepayment of fees, from which Petitioner has been repeatedly barred.

### Conclusion

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
_____
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated:  10/7/20